### HENRY B. WILLIAMS *vs.* SAMUEL P. ALLEN.

Suffolk. November 15. — 21, 1877. COLT & AMES, JJ., absent.

A. and B., owners of separate parcels of land, entered into an agreement, by the terms of which B. was to convey his land to A., and, in payment therefor, A. was to convey his land to B., subject to two mortgages, " all taxes, insurance and interest to be adjusted to September 1." The taxes on the land of A., and the interest on the two mortgages estimated *pro rata* to September 1, amounted to a certain sum, against which the insurance on the estate of A., assigned to B., and the taxes on the estate of B., also estimated *pro rata* to September 1, were offset, leaving a balance to be paid by A. The deeds were passed, and A. paid the balance to B. *Held,* that B. was bound to apply such balance to the payment of interest and taxes on the estate conveyed to him · and that an oral promise so to do was for a sufficient consideration.

CONTRACT for money had and received. Trial, without jury, in the Superior Court, before *Wilkinson*, J., who found for the plaintiff, and allowed a bill of exceptions, the substance of which appears in the opinion.

*S. Snow*, for the defendant.

*R. M. Morse, Jr.*, for the plaintiff.

ENDICOTT, J. The plaintiff being the owner of an estate in Boston, subject to two mortgages amounting to $22,000, and the defendant being the owner of an estate in Cambridge, they entered into an agreement in writing for the sale and exchange of their estates. The agreement provided that the defendant should convey the estate in Cambridge to the plaintiff, and, in payment therefor, the plaintiff should convey to the defendant the estate in Boston, subject to the two mortgages, and also give to the defendant mortgages on the Cambridge estate to the amount of $11,500, and "all taxes, insurance and interest to be adjusted to September 1, 1875." When the parties met to execute the deeds and carry out the agreement, it was found that the taxes on the estate in Boston, and the interest on the two mortgages for $22,000, estimated *pro rata* to September 1, amounted to $759.53; against this sum, the insurance on the estate in Boston, which was assigned to the defendant, and the taxes on the estate in Cambridge, also estimated *pro rata* to September 1, were offset; and it was agreed that there was a balance of $600 against the Boston estate, to be paid by the plaintiff. The deeds were passed, and the sum of $600 was paid by the plaintiff to the defendant.

The defendant conveyed the Boston estate to a third person, by a quitclaim deed, subject to all incumbrances, and gave notice thereof to the holder of the second mortgage, before October 1, 1875. The instalments of interest due on that day, and the taxes for 1875, were not paid, and, in consequence of such non-payment, the estate was sold by the holder of the first mortgage, under a power of sale contained in his mortgage, and was bought by the holder of the second mortgage, by agreement with the plaintiff, and for his benefit.

The defendant denies that he is bound by the agreement to apply the $600 to the payment of interest and taxes on the estate in Boston, and contends that, if he did so agree, it was with-

out consideration. But we are of opinion, that the fair construction of the agreement is that any sum received by either party on the adjustment of taxes, insurance and interest, as of September 1, must be devoted by the party receiving it to the purposes for which it was paid. The presiding judge having so ruled, and having also found as a fact that the defendant orally promised, when the deeds were delivered, to apply the $600 to the payment of interest and taxes when the same should mature, we fail to find any ground of exception. Upon the case as presented, the plaintiff is entitled to recover, and the entry must be

*Exceptions overruled.*